UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

United States of America,

                              Plaintiff,                  **Hon. Hugh B. Scott**

                                                       10CV573A

                      v.

                                                     **Order and**
                                                     **Report &**
                                                   **Recommendation**

$19,764.00 in United States Currency,
and
One 2004 Chevrolet Trailblazer
Vin: 1GNET16s446145466,
                              Defendant.
_____

       Before the Court is the plaintiff's motion to strike the claim and answers of the claimants (Docket No. 17 & 19). Also pending is the plaintiff's motion to compel discovery (Docket No. 25).

## Background

       The United States of America commenced this action pursuant to 21 U.S.C. §881(a)(6) seeking forfeiture of $19,764.00 in U.S. currency and a 2004 Chevrolet Trailblazer (VIN: 1GNET16S446145466). The government asserts that the currency, which was seized from Nicholas and Rebecca Rodriguez, was furnished, or intended to be furnished, in exchange for controlled substances and/or were proceeds traceable to such an exchange in violation of 21 U.S.C. §881(a)(6). (Docket No. 1 at ¶3). Further, the government contends that the vehicle,

1

which was seized from Rebecca Rodriguez, was used or intended to be used to transport and facilitate the transportation, sale, receipt or possession of controlled substances in violation of 21 U.S.C. §881(a)(4). (Docket No. 1 at ¶ 4). According to the government, on February 12, 2010, Lackawanna Police Officers conducted surveillance at 1435 Electric Avenue. It is alleged that Nicholas and Rebecca Rodriguez intended to sell marijuana to one of their customers at that address. Nicholas and Rebecca Rodriguez arrived at that address in a vehicle driven by Rebecca. When Nicholas entered the apartment, police stopped him and retrieved a bag containing 16 ounces of marijuana along with $1,784.00. The government alleges that Nicholas Rodriguez admitted that he drove to 1435 Electric Avenue to sell marijuana to the resident of the apartment. (Docket No. 1 at ¶ 8). Both Nicholas and Rebecca Rodriguez were arrested. Rebecca Rodriguez signed a consent form allowing the police to search their residence on Allendale Parkway in Blasdell, New York. (Docket No. 1 at ¶ 9). The police also applied for and obtained a search warrant to search the Allendale apartment. (Docket No. 1 at ¶ 10). Prior to the execution of the search warrant, the police observed the 2004 Chevrolet Trailblazer driven by Joelle O'Neill, who is purported to be the girlfriend of John Rizzo arrive at the Rodriguez's apartment. (Docket No. 1 at ¶ 10). John Rizzo is alleged to be Rebecca Rodriguez's brother. At the same time, police also observed a 2000 Mercury Sable driven by Rizzo. The eldest child of the Rodriguez's was a passenger in the Mercury Sable. (Docket No. 1 at ¶ 10). The government alleges that Rizzo told the officers that inside the Mercury Sable were approximately 4.5 ounces of marijuana, a rifle and $17, 980.00 in U.S. currency "hidden inside a graham cracker box which they had taken from the Rodriguez's home in order to conceal them from the police after they had received a phone call stating the police were coming to the residence." (Docket No. 1 at ¶ 11). The government alleges that Rizzo advised the police that the marijuana, rifle and money belonged to

Nicholas Rodriguez and that they had returned to the home to pick up items that they had forgotten and to leave the vehicle behind. The government further contends that Rizzo stated that Rebecca drives Nicholas "to do all his marijuana deals." (Docket No. 1 at ¶ 11). The Rodriguez's eldest child also allegedly admitted that he was aware that Nicholas and Rebecca sold marijuana. (Docket No. 1 at ¶ 11). Two narcotics-detection dogs were utilized at the scene and 4.5 ounces of marijuana, $17, 980.00 in U.S. currency was recovered from the Mercury Sable. (Docket No. 1 at ¶ 13). One of the dogs alerted with respect to the interior of the 2004 Chevrolet Trailblazer, which the government asserts is an indication that the vehicle had previously been used in drug trafficking. (Docket No. 1 at ¶ 14). In addition to the currency, the police seized the 2004 Chevrolet Trailblazer and the 2000 Mercury Sable as being used to facilitate the drug trafficking. (Docket No. 1 at ¶ 12).[1] Rizzo and O'Neill were charged with unlawful possession of marijuana. (Docket No. 1 at ¶ 15). Rizzo, O'Neill and the Rodriguez's eldest son each purportedly gave the police statements confirming that Nicholas and Rebecca Rodriguez sell marijuana and that Rizzo had been instructed to remove the marijuana and money from the Rodriguez's residence before the police executed a search. (Docket No. 1 at ¶¶18-20). On June 24, 2010, Nicholas Rodriguez pled guilty to attempted possession of marijuana in violation of New York Penal Law §§110 and 221.25.

The government commenced the instant forfeiture action with respect to the currency and the 2004 Chevrolet Trailblazer. Rebecca Rodriguez (Docket No. 7) and Nicholas Rodriguez (Docket No. 8) have filed claims asserting ownership of the $19, 764.00 seized on February 12, 2010. Rebecca Rodriguez also claims ownership of the 2004 Chevrolet Trailblazer (Docket No.

---

[1] It appears that the 2000 Mercury Sable was the subject of New York State forfeiture proceedings. (Docket No. 1 at ¶ 12).

7). The government has moved to strike the claims and answers filed by Nicholas and Rebecca Rodriguez as they relate solely to the currency because neither claimant responded to special interrogatories served by the government pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ["Supplemental Rules"]. (Docket Nos. 17 and 19).

In response to the initial motions to strike, the claimants filed a response stating that several issues contributed to the failure of the claimants to respond to the discovery requests. Initially, counsel for the claimants stated that the special interrogatories he received from the government listed an incorrect Civil No. in the caption, and thus, were placed in wrong file by counsel's office staff. (Docket No. 22 at ¶¶3-6). Counsel, however, acknowledges that the time to respond to the discovery request was extended by the government. (Docket No. 22 at ¶ 7). Notwithstanding such an extension, counsel for the claimants stated that the fact that he was on trial and out of town for various time periods in October and November of 2010 made it difficult to meet with his clients to discuss the interrogatories. (Docket No. 22 at ¶ 9). Further, the claimants assert that the interrogatories "require a thorough review of documents that [the claimants] did not readily have in their possession" including copies of tax returns, W-2 statements and the names and addresses of every source of income. (Docket No. 22 at ¶ 11). Thus, in their December 8, 2010 response to the initial motions, the claimants requested an additional two weeks to respond to the interrogatories. (Docket No. 22 at ¶ 15).

It appears that the claimants have still not responded to the interrogatories regarding the currency. (Docket No. 25 at ¶ 5). On December 30, 2010, the government served interrogatories upon claimant Rebecca Rodriguez relating to the seized vehicle. (Docket No. 25 at ¶ 12). The government extended the time for the claimant to respond to these interrogatories to February 24,

2011. On that date, the government asserts that it received an incomplete response to the interrogatories relating to the vehicle. (Docket No. 25 at ¶13).  The government requested that Rebecca Rodriguez answer interrogatories relating to whether she was aware that the vehicle in question was used to facilitate the distribution of controlled substances (Interrogatory No. 4); when, where and by what means she purchased the vehicle (Interrogatory No. 5); list the names and contact information of all individuals who have driven the vehicle (Interrogatory No. 6); and whether Rodriguez has received money, gifts or drugs for driving her husband to locations for the purpose of controlled substance transactions (Interrogatory No. 15).  After making additional requests to the claimant for further responses to these interrogatories, on April 1, 2011, the government filed a motion to compel responses. (Docket No. 25).

**Motion to Strike Claims Relating to the Currency**

As discussed above, despite more than ample opportunity to do so, the claimants have still not responded to the plaintiff's discovery requests regarding the currency. The claimants have failed to demonstrate good cause for the failure to respond.  Based upon their failure to respond to the interrogatories, it is recommended that the claims of both Nicholas and Rebecca Rodriguez be stricken as to the $19,764 in U.S. currency.  See United States v. $4,002 in U.S. Currency, 2011 WL 2462108 (D.Md. 2011)(motion to strike granted based upon failure to respond to interrogatories); United States v. $51,995 in U.S. Currency, 2010 WL 5137155, at *1 (D.S.C. Dec.13, 2010) (granting Government's motion to strike claim and answer of claimant who failed to respond to special interrogatories); United States v. $21,910.00 in U.S. Currency, 2010 WL 933762, at *1 (S.D.Ga. Mar.16, 2010) (same).

**Motion to Compel Responses to Interrogatories Relating to Vehicle**

The plaintiff seeks to compel claimant Rebecca Rodriguez to provide more complete answers to Interrogatories 4, 5, 6 and 15. In the alternative, the plaintiff seeks to preclude the claimant from introducing any evidence at trial which should have been produced, or to strike the claim pursuant to Rule 37(b)(2)(iii). (Docket No. 25 at page 10).

The Court directed that the claimant respond to the government's motion by May 27, 2011. (Docket No. 26). The claimant has failed to submit any response whatsoever to the motion or to request additional time to do so. Thus, the claimant has presented the Court with no basis to deny the requested relief. In light of the above, claimant Rebecca Rodriguez is directed to provide additional responses to Interrogatories 4, 5, 6 and 15 within 20 days of the date of this Order. In the event the claimant fail to do so, it is recommended that Rebecca Rodriguez's claim relating to the vehicle be stricken pursuant to Rule 37(b)(2)(iii), as well as upon the rationale set forth in United States v. $4,002 in U.S. Currency, 2011 WL 2462108 (D.Md. 2011)(motion to strike granted based upon failure to respond to interrogatories); United States v. $51,995 in U.S. Currency, 2010 WL 5137155, at *1 (D.S.C. Dec.13, 2010) (granting Government's motion to strike claim and answer of claimant who failed to respond to special interrogatories); United States v. $21,910.00 in U.S. Currency, 2010 WL 933762, at *1 (S.D.Ga. Mar.16, 2010) (same).

**Conclusion**

Based on the above, the motion to compel further responses from Rebecca Rodriguez relating to Interrogatories 4, 5, 6 and 15 (Docket No. 25) is granted.

Further, it is recommended that the motion to strike the claimants' claims as to the $19, 764 in U.S. currency be stricken. Also, in the event claimant Rebecca Rodriguez fails to provide

more complete answers to the Interrogatories within 20 days from the date of this Order, as noted above, it is further recommended that Rebecca Rodriguez's claim relating to the vehicle also be stricken.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3),

"written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 11, 2011